*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-07-00592-CR

Tabitha Nicole **WOOD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 10040-CR
Honorable Thomas Franklin Lee, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:      Karen Angelini, Justice
              Rebecca Simmons, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  February 11, 2009

AFFIRMED

Tabitha Nicole Wood was convicted by a jury of aggravated assault with a deadly weapon, and sentenced to eight-and-a-half years imprisonment.  Wood appeals the judgment, asserting error in the jury charge during the guilt/innocence phase of the trial.  We affirm the judgment of the trial court.

Wood argues it was error for the trial court to instruct the jury that "[y]our sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause and restrict your deliberations to the issue of guilt or innocence of the defendant and nothing else." Wood claims the instruction erroneously shifted the State's burden by suggesting the jury was to determine innocence, instead of simply "guilty or not guilty," in violation of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007; art. 36.19 (Vernon 2006).

The quoted language is identical to the language this court reviewed in *Flores v. State*, 920 S.W.2d 347 (Tex. App.—San Antonio 1996, pet. dism'd). As noted in *Flores*, the language of the charge is a commonly used instruction taken from the State Bar of Texas Criminal Pattern Jury Charges, adhering to the requirements of article 37.07 of the Code of Criminal Procedure. *See Flores*, 920 S.W.2d at 357 (*citing* TEX. CODE CRIM. PROC. ANN. art. 37.07, Sec. 2(a) (Vernon Supp. 2007) ("In all criminal cases . . . which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant. . . .")). "The instruction is clearly designed to focus the jury's attention on the first phase of the bifurcated criminal trial—the 'guilt/innocence' phase—and to direct the jury away from consideration of other issues, e.g. punishment." *Id.*

Instructing the jury to consider the guilt or innocence of the defendant does not change the burden of proof of the State. *See id.* As noted throughout the charge, Wood was presumed innocent unless the State proved otherwise. The jury was repeatedly instructed it should acquit Wood of the offense charged unless it found the evidence proved guilt beyond a reasonable doubt. Finding no error in the court's instruction, Wood's issue is overruled.

Accordingly, we affirm the judgment of the trial court.

Steven C. Hilbig, Justice

Do not publish